

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2009

# USA v. James Velez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Velez" (2009). *2009 Decisions.* Paper 1712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2002
_____

UNITED STATES OF AMERICA

v.

JAMES VELEZ,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-05-cr-00236-001)
District Judge: Honorable Joseph A. Greenaway
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed: March 23, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

James Velez appeals his sentence, arguing that the District Court erred by imposing a two-level enhancement under § 3B1.1 of the United States Sentencing Guidelines. We will affirm.

## I.

Because we write exclusively for the parties, we recount only those facts essential to our decision.

Velez pleaded guilty to one count of conspiracy to commit aiding, assisting, procuring, counseling, or advising a tax fraud, in violation of 18 U.S.C. § 371, and 13 counts of assisting in the preparation and presentation of false income tax returns, in violation of 26 U.S.C. § 7206. The District Court calculated Velez's advisory Guidelines range to be 33 to 41 months imprisonment. After finding that Velez had a supervisory role in the conspiracy, however, the District Court applied a two-point enhancement under § 3B1.1 of the Guidelines, which increased his advisory imprisonment range to 41 to 51 months. The District Court sentenced Velez to concurrent terms of imprisonment of 41 months on the first count, and 36 months on the remaining counts.

Velez argues that the District Court incorrectly applied the two-point enhancement because he did not supervise his co-conspirator, Moustafa El-Golany. We review the District Court's factual findings related to sentencing for clear error. *United States v. Grier*, 475 F.3d 540, 541 (3d Cir. 2007). A factual finding is clearly erroneous if we are

"left with a definite and firm conviction that a mistake has been committed." *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007).

Section 3B1.1(c) provides for a two-level enhancement "[if] the defendant was an organizer, leader, manager, or supervisor in any criminal activity . . . ." The Guidelines commentary provides that in determining whether the defendant is a leader or organizer, we must consider: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." USSG § 3B1.1 cmt. 4; *see United States v. Hunter*, 52 F.3d 489 (3d Cir. 1995).[1] We have stated that a defendant acts as a manger or supervisor of criminal activity when he "exercises some degree of control over others involved in the offense." *United States v. Chau*, 293 F.3d 96, 103 (3d Cir. 2002) (citation omitted).

Here, the District Court found that the two-level enhancement was appropriate because Velez and El-Golany were not partners in the offense; rather, Velez recruited El-

---

[1]Although note 4 of the Guidelines commentary provides instruction on how to distinguish "a leadership and organizational role from one of mere management or supervision," USSG § 3B1.1 n. 4, we have applied this note in determining whether an "aggravating role enhancement," including one for a managerial or supervisory role, should be imposed. *See Hunter*, 52 F.3d at 492.

Golany, and El-Golany "worked for Mr. Velez." Dist. Ct. Op. at 42. We find nothing in the record to suggest that this conclusion was erroneous, much less clearly erroneous.

Velez argues that he did not control El-Golany because El-Golany was free to bring in as many, or as few, clients as he saw fit. The uncontroverted evidence, however, shows that Velez was a manager under the factors listed in comment 4. Velez recruited El-Golany to participate in the tax fraud scheme and to find other clients for his business, instructed him about what to say, kept the 5% commission for himself while paying El-Golany only $50 per transaction, and he alone participated in the filing of the tax returns. This evidence is more than sufficient to prove that Velez had an aggravating role in the conspiracy, and thus the District Court's imposition of the enhancement was not clearly erroneous.

Because we find that the District Court correctly applied the enhancement, Velez's claim that his sentence was procedurally unreasonable must fail as well.

For the foregoing reasons, we will affirm the judgment of the District Court.

4